UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Abdula Wilson, | ) | Civil Action No.: 4:19-cv-02740-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| George Debusk Jr. | ) | |
| Defendants. | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing this case with prejudice.[1] *See* ECF No. 16.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff has not filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). The Court is mindful of its duty to liberally construe pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

[2] Plaintiff's objections were due by November 12, 2019. *See* ECF Nos. 16 & 17.

Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having reviewed the record for clear error, the Court **ADOPTS AS MODIFIED**[3] the Magistrate Judge's R & R [ECF No. 16] and **DISMISSES** this action *without prejudice* and without issuance and service of process.[4]

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
December 9, 2019  R. Bryan Harwell
 Chief United States District Judge

---

[3] The Court's sole modification to the R & R is that dismissal is *without* prejudice. *See, e.g.*, *Russell v. Guilford Cty. Municipality*, 599 F. App'x 65 (4th Cir. 2015) (indicating a dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994), should be without prejudice).

[4] The Court is dismissing this action *without* prejudice as explained in Footnote Three. The Magistrate Judge already provided Plaintiff an opportunity to file an amended complaint, which he did. *See* ECF Nos. 8 & 11; *see generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *see, e.g.*, *Grady v. White*, 686 F. App'x 153, 154 n.* (4th Cir. 2017) (citing *Goode* and dismissing an appeal without remand "because the [district] court previously afforded [the plaintiff] the chance to amend his complaint").

2